# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
### No. 17-621V
Filed: April 9, 2019

| | | |
|---|---|---|
| * * * * * * * * * * * * * * | * | |
| K.K. *a minor, by and through his parent* | * | UNPUBLISHED |
| *and natural guardian*, RUSSELL KILDE, | * | |
| | * | |
| Petitioner, | * | Decision on Interim Attorneys' Fees and |
| v. | * | Costs; Denial |
| | * | |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * * | * | |

*Amy Senerth, Esq.*, Muller Brazil, LLP, Dresher, PA, for petitioner.
*Adriana Teitel, Esq.*, U.S. Department of Justice, Washington, DC, for respondent.

## DECISION ON INTERIM ATTORNEYS' FEES AND COSTS[1]

**Roth**, Special Master:

On May 9, 2017, Russell Kilde ("Mr. Kilde," or "petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program[2] on behalf of his minor child, K.K. Petitioner alleges that K.K. developed Guillain-Barre Syndrome ("GBS") as a result of receiving an influenza vaccination on November 21, 2014. Petition ("Pet."), ECF No. 1. Petitioner has requested an award of interim attorneys' fees and costs. Following careful consideration, I hereby **DENY** petitioner's motion.

---

[1] Although this Decision has been formally designated "unpublished," it will nevertheless be posted on the Court of Federal Claims's website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). **This means the Decision will be available to anyone with access to the internet.** However, the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public. *Id.*

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

## I. Procedural History

Several medical records were filed with the Petition. *See* Petitioner's Exhibits ("Pet. Ex.") 1-7, ECF No. 1. Petitioner also filed a Statement of Completion that day. ECF No. 4. This matter was initially assigned to the Special Processing Unit ("SPU"). ECF No. 5.

During the initial status conference on June 27, 2017, respondent's counsel requested that petitioner file additional records, including rheumatology records from the University of Michigan, and any additional records from November of 2014. Scheduling Order at 1, ECF No. 8. Respondent's counsel noted that the records filed indicate that K.K. may have received a diagnosis of juvenile arthritis in May of 2016. *Id*. Additionally, it was noted that, because K.K. was less than five years old at the time of vaccination, petitioner also needed to file maternal pregnancy and delivery records. *Id*. It was further noted that records referenced K.K. receiving therapy in Japan; it was suggested that petitioner's counsel provide more information on the treatment that K.K. received in Japan. *Id*. Petitioner was ordered to file the additional records requested, an amended statement of completion, and a status report explaining the nature of K.K.'s treatment in Japan by August 28, 2017. *Id*. at 2.

On July 12, 2017, petitioner filed a Motion for Authority to Issue a Subpoena for Ortonville Area Health Services in order to obtain K.K.'s medical records. ECF No. 9. This motion was granted. ECF No. 10. Petitioner filed records from Ortonville Area Health Services on August 23, 2017. Pet. Ex. 8, ECF No. 11.

Petitioner failed to comply with the Court's order to file an amended statement of complete and status report by August 28, 2017. The Court *sua sponte* granted petitioner an extension of time until September 8, 2017, to comply with the Court's order. *See* Non-PDF Order, dated Sept. 5, 2017. On September 8, 2017, petitioner filed additional medical records but did not file an amended statement of completion or status report. Pet. Ex. 9-10, ECF No. 12. On September 11, 2017, petitioner filed an untimely Motion for Extension of Time until October 9, 2017, to file outstanding medical records and a statement of completion. ECF No. 13. This Motion was granted. Non-PDF Order, dated Sept. 11, 2017. Petitioner failed to meet this deadline.

On October 11, 2017, petitioner filed out of time medical records, a statement of completion, and a status report ("Pet. S.R.") advising that K.K. received physical therapy in Japan and providing the locations where K.K. received treatment. Pet. Ex. 11, ECF No. 14; Pet. S.R. at 1, ECF No. 15; Statement of Completion, ECF No. 16.

A status conference was scheduled for November 20, 2017 but cancelled due to the unavailability of petitioner's counsel. *See* Non-PDF Order, dated Oct. 20, 2017; Non-PDF Order, dated Nov. 20, 2017. A detailed order was issued in place of the status conference. The order noted that K.K.'s medical records made several "references to a differential diagnosis of 'an outbreak of poliomyelitis-like syndrome among patients who had enterovirus D68' (Ex. 4, p. 102-03) and a later diagnosis of juvenile arthritis (Ex. 11, pp. 6-7)." Scheduling Order at 1, ECF No. 17. The order further noted that petitioner had not filed the record of K.K.'s physical therapy from clinics in Japan. *Id*. at 1-2. Petitioner was ordered to file an expert report which met the requirements of *Althen v. Sec'y of Health & Human Servs*., 418 F. 3d 1274, 1278 (Fed. Cir. 2005) and addressed

2

K.K.'s differential diagnosis of poliomyelitis-like syndrome and juvenile arthritis, by no later than January 19, 2018. Scheduling Order at 2. Respondent was ordered to file a status report indicating whether the medical records were complete by December 20, 2017. *Id*.

Respondent filed a status report ("Resp. S.R.") on December 19, 2017, advising that respondent was satisfied with the medical records filed but was not amenable to settlement discussions. Resp. S.R. at 1, ECF No. 18.

Petitioner failed to comply with the Court's order to file an expert report by January 19, 2018. The Court *sua sponte* granted petitioner an extension of time until January 30, 2018 to file an expert report or motion for an extension of time. Non-PDF Order, dated Jan. 23, 2018. On January 30, 2018, petitioner filed a Motion for Extension of Time until April 2, 2018, to file his expert report. ECF No. 20. This motion was granted. Non-PDF Order, dated Jan. 31, 2018. On April 2, 2018, petitioner filed a second Motion for Extension of Time until May 2, 2018, to file his expert report. ECF No. 21. This motion was granted. Non-PDF Order, dated Apr. 3, 2018. On May 2, 2018, petitioner filed a third Motion for Extension of Time until July 2, 2018, to file his expert report. ECF No. 22. An order was issued granting this motion and advising petitioner no further extensions would be granted absent a detailed showing of good cause. Scheduling Order at 1, ECF No. 23. Respondent was ordered to file his Rule 4(c) Report by August 31, 2018. *Id*. at 2.

Petitioner failed to file his expert report by July 2, 2018. On July 9, 2018, the Court issued an Order to Show Cause ("Show Cause"), noting that during the pendency of this matter, petitioner had requested and received several extensions of time. Show Cause at 1-2, ECF No. 24. The Court specifically noted that it had been 231 days since petitioner was first ordered to file an expert report *Id*. at 2. Petitioner was ordered to show cause why this matter should not be dismissed for failure to prosecute and insufficient proof by August 8, 2018. *Id*.

Petitioner filed a response to the Order to Show Cause ("Show Cause Resp.") on July 16, 2018. ECF No. 25. Petitioner submitted that his "failure to submit his expert report [was] … the result of difficulty in obtaining an expert opinion, despite good faith efforts to do so." Show Cause Resp. at 1. Petitioner advised that he retained an expert rheumatologist who recommended consulting an expert neurologist for an opinion on K.K.'s diagnosis. *Id*. at 2. Petitioner further advised that he intended to file a report from an expert neurologist within 30 days. *Id*. Petitioner was ordered to file an expert report by August 15, 2018, which addressed the three *Althen* prongs as well as K.K.'s differential diagnoses of poliomyelitis-like syndrome and juvenile arthritis. Scheduling Order at 1-2, ECF No. 26. Respondent was ordered to file his Rule 4(c) Report by October 15, 2018. *Id*. at 2.

On August 15, 2018, petitioner filed a Motion for Extension of Time until September 14, 2018, to file expert reports from a neurologist and a rheumatologist as well as an amended petition. ECF No. 27. This motion was granted, but petitioner was advised that no further extensions would be granted. Non-PDF Order, issued Aug. 21, 2018. The deadline for respondent's Rule 4(c) Report was similarly extended to November 13, 2018. Non-PDF Order, issued Aug. 21, 2018.

On September 14, 2018, petitioner filed an Amended Petition ("Am. Pet."), alleging that the influenza vaccine K.K. received on November 21, 2014, caused him to develop juvenile

3

idiopathic arthritis ("JIA"). Am. Pet. at 1, ECF No. 28. Petitioner also filed expert reports from a neurologist and a rheumatologist. *See* Pet. Ex. 12, ECF No. 29; Pet. Ex. 13, ECF No. 30.

This matter was reassigned to me on September 18, 2018. ECF No. 32.

On November 9, 2018, respondent filed an unopposed Motion for Extension of Time until January 28, 2019, to file his Rule 4(c) Report. ECF No. 34. This motion was granted. Non-PDF Order, issued Nov. 9, 2018.

On December 28, 2018, petitioner filed a Motion for Interim Attorneys' Fees and Costs. ECF No. 35. Petitioner requests attorneys' fees in the amount of $23,731.00 and attorneys' costs in the amount of $12,837.82 for a total amount of $36,568.82. *Id.* at 2. In accordance with General Order #9, petitioner's counsel represents that petitioner did not incur any out-of-pocket expenses. *Id.*

On January 28, 2019, respondent filed a response to petitioner's Motion Interim for Fees. Response, ECF No. 37. Respondent deferred "to the Special Master as to whether petitioner has made a special showing to justify an award of interim attorneys' fees and costs." *Id.* at 2. Respondent further provided no specific objection to the amount requested or hours worked, but instead, "respectfully recommend[ed] that the Special Master exercise her discretion and determine a reasonable award for attorneys' fees and costs." *Id.* at 3-4. Petitioner did not file a reply.

Following two extensions of time, *see* ECF Nos. 36, 39, respondent filed a Rule 4(c) Report ("Resp. Rpt.") and expert reports on March 25, 2019. Resp. Rpt., ECF No. 42; Resp. Ex. A-D, ECF No. 43.

## II. Applicable Law and Analysis

The Vaccine Act permits an award of "reasonable attorneys' fees" and "other costs." § 15(e)(1). If a petitioner succeeds on the merits of his or her claim, he or she is entitled to an award of reasonable attorneys' fees and costs. *Id.*; *see Sebelius v. Cloer*, 133 S. Ct. 1886, 1891 (2013). However, a petitioner need not prevail on entitlement to receive a fee award as long as the petition was brought in "good faith" and there was a "reasonable basis" for the claim to proceed. § 15(e)(1).

Special masters have discretion to award interim fees while the litigation is ongoing if "the cost of litigation has imposed an undue hardship" and there is "a good faith basis for the claim." *Shaw v. Sec'y of Health & Human Servs.*, 609 F. 3d 1372, 1375 (Fed. Cir. 2010); *see Avera v. Sec'y of Health & Human Servs.*, 515 F. 3d 1343, 1352 (Fed. Cir. 2008). The court in *Avera* held that interim fees may be awarded "in appropriate circumstances." 515 F. 3d at 1351. The court then listed some circumstances—cases involving "protracted" proceedings and "costly experts"— in which it would be "particularly appropriate" to award interim fees. *Id.* at 1352. But "the Federal Circuit in *Avera* . . . did not enunciate the universe of litigation circumstances which would warrant an award of interim attorney's fees," *Woods v. Sec'y of Health & Human Servs.*, 105 Fed. Cl. 148, 154 (2012), and "special masters [retain] broad discretion in determining whether to award" them,

4

*Al-Uffi ex rel. R.B. v. Sec'y of Health & Human Servs.*, No. 13-956V, 2015 WL 6181669, at *5 (Fed. Cl. Spec. Mstr. Sept. 30, 2015). In making this determination, "the special master may consider any of the unique facts of a case." *Rehn v. Sec'y of Health & Human Servs.*, 126 Fed. Cl. 86, 94 (2016).

Under the circumstances of this case, interim fees are not warranted. Petitioner's Motion cites the "protracted nature" of the proceedings, *see* Motion at 3, as justification for an award of interim fees; however, this matter has been pending for less than two years, and the majority of the delays in the prosecution of this case were caused by petitioner's counsel, who has filed five motions for extension of time totaling 219 days and failed to comply with five Court-ordered deadlines, necessitating the issuance of an Order to Show Cause.

Petitioner's counsel is reminded that interim fees are the exception rather than the rule; indeed, "there is not a presumption of entitlement to interim fees." *McKellar v. Sec'y of Health & Human Servs.*, 101 Fed. Cl. 297, 300 (2011). Here, petitioner has not made a "special showing" that an award of interim fees and costs is necessary to avoid undue hardship; a mere recitation of "protracted proceedings" and "costly expert reports" is insufficient. If interim fees are to be entertained in this matter at all, it would be following an entitlement hearing.

Based on the foregoing, the undersigned **DENIES** petitioner's Motion for Interim Attorneys' Fees and Costs. The Clerk of the Court is directed to enter judgment in accordance with this Decision.[3]

**IT IS SO ORDERED.**

> **s/ Mindy Michaels Roth**
> Mindy Michaels Roth
> Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party filing a notice renouncing the right to seek review.