# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS

### No. 17-621V

Filed: March 5, 2026

```
* * * * * * * * * * * * *   *   *
K.K., a minor, by and through his parent    *
and natural guardian,                       *
RUSSELL KILDE,                              *
                                            *
                 Petitioner,                *
v.                                          *
                                            *
SECRETARY OF HEALTH                         *
AND HUMAN SERVICES,                         *
                                            *
                 Respondent.                *
                                            *
* * * * * * * * * * * * *   *   *
```

*Amy A. Senerth, Esq.*, Muller Brazil, LLP, Dresher, PA, for petitioner.
*Parisa Tabassian, Esq.*, U.S. Department of Justice, Washington, D.C., for respondent.

### DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Roth**, Special Master:

On May 9, 2017, Russell Kilde ("petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program[2] on behalf of his minor son K.K., alleging that K.K. developed juvenile idiopathic arthritis ("JIA") as a result of the influenza ("flu") vaccine he received on November 21, 2014. Petition, ECF No. 1. A decision adopting the parties' joint stipulation issued on April 29, 2025. ECF No. 110.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned finds that the identified material fits within this definition, such material will be redacted from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

On October 29, 2025, petitioner filed the instant motion for attorneys' fees and costs requesting a total of $138,534.67, representing $92,179.40 in attorneys' fees and $46,355.27 in costs.[3] Motion for Fees, ECF No. 116. Respondent filed his response on November 4, 2025, advising he was satisfied the statutory requirements for an award of fees and costs are met. Response, ECF No. 117. Petitioner filed a reply on November 13, 2025, requesting an additional $4,162.50 for fees incurred drafting the reply. Reply, ECF No. 118.

After consideration and based on the below, petitioner's motion is **GRANTED in part**.

## I.    Legal Framework

The Vaccine Act permits an award of "reasonable attorneys' fees" and "other costs." § 15(e)(1). If a petitioner succeeds on the merits of his or her claim, the award of attorneys' fees is automatic. *Id.*; *see Sebelius v. Cloer*, 133 S. Ct. 1886, 1891 (2013). However, a petitioner need not prevail on entitlement to receive a fee award as long as the petition was brought in "good faith" and there was a "reasonable basis" for the claim to proceed. § 15(e)(1). Here, because petitioner was awarded compensation pursuant to a stipulation, she is entitled to a final award of reasonable attorneys' fees and costs.

The Federal Circuit has endorsed the use of the lodestar approach to determine what constitutes "reasonable attorneys' fees" and "other costs" under the Vaccine Act. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1349 (Fed. Cir. 2008). Under this approach, "an initial estimate of a reasonable attorneys' fees" is calculated by "multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Id.* at 1347–48 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). That product is then adjusted upward or downward based on other specific findings. *Id.*

Special masters have substantial discretion in awarding fees and may adjust a fee request *sua sponte*, apart from objections raised by respondent and without providing petitioners with notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). Special masters need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *See Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

## II.    Discussion

### A.  Reasonable Hourly Rate

A "reasonable hourly rate" is defined as the rate "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Avera*, 515 F.3d at 1348 (quoting *Blum*, 465 U.S. at 896 n.11). In general, this rate is based on "the forum rate for the District of Columbia" rather than "the rate in the geographic area of the practice of petitioner's

---

[3] Petitioner filed two Motions for Attorneys' Fees and Costs, the first was apparently incorrect. Petitioner was instructed to file a Motion to Strike the first application but failed to do so. The analysis and award are based on the second motion located at ECF No. 116.

attorney." *Rodriguez v. Sec'y of Health & Human Servs.*, 632 F.3d 1381, 1384 (Fed. Cir. 2011) (citing *Avera*, 515 F. 3d at 1349). There is a "limited exception" that provides for attorney's fees to be awarded at local hourly rates when "the bulk of the attorney's work is done outside the forum jurisdiction" and "there is a very significant difference" between the local hourly rate and forum hourly rate. *Id.* This is known as the *Davis County* exception. *See Hall v. Sec'y of Health & Human Servs.*, 640 F.3d 1351, 1353 (2011) (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. EPA*, 169 F.3d 755, 758 (D.C. Cir. 1999)).

For cases in which forum rates apply, *McCulloch* provides the framework for determining the appropriate hourly rate range for attorneys' fees based upon the attorneys' experience. *See McCulloch v. Sec'y of Health & Human Servs.*, No. 09–293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015). The Office of Special Masters has accepted the decision in *McCulloch* and has issued a Fee Schedule for subsequent years.[4]

Petitioner requests the following hourly rates on behalf of the attorneys and paralegals who worked on this case:

| Name | 2015 | 2016 | 2017 | 2018 | 2019 | 2020 | 2021 | 2022 | 2023 | 2024 | 2025 |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Amy Senerth | - | - | $225 | $233 | $250 | $275 | $300 | $325 | $375 | $400 | $425 |
| Paul Brazil | $255 | $275 | $300 | $317 | - | - | - | - | - | - | $475 |
| Paralegals | $125 | $125 | $125 | $125 | $140 | $125-160 | $125-160 | $125 | $140-177 | $155-177 | $170-180 |

These rates are consistent with what the attorneys and paralegals at the firm have previously been awarded. *See, e.g.*, *Wichman v. Sec'y of Health & Human Servs.*, No. 22-1718V, 2025 WL 1541054 (Fed. Cl. Spec. Mstr. Apr. 28, 2025); *Dominque v. Sec'y of Health & Human Servs.*, No. 20-1904V, 2025 WL 1897861 (Fed. Cl. Spec. Mstr. June 6, 2025); *L.S. v. Sec'y of Health & Human Servs.*, No. 18-1692V, 2025 WL 2442799 (Fed. Cl. Spec. Mstr. June 30, 2025); *Delio v. Sec'y of Health & Human Servs.*, No. 18-1001V, 2025 WL 1291593 (Fed. Cl. Spec. Mstr. Apr. 2, 2025). Thus, the requested rates are reasonable.

**B.  Hours Reasonably Expended**

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton ex rel. Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). "Unreasonably duplicative or excessive billing" includes "an attorney billing for a single task on multiple occasions, multiple attorneys billing for a single task, attorneys billing

---

[4] The OSM Attorneys' Forum Hourly Rate Fee Schedules are available on the U.S. Court of Federal Claims website at OSM Attorneys' Forum Hourly Rate Fee Schedules | Court of Federal Claims | United States. The hourly rates contained within the schedules are updated from the decision in *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

excessively for intra office communications, attorneys billing excessive hours, [and] attorneys entering erroneous billing entries." *Raymo v. Sec'y of Health & Human Servs.*, 129 Fed. Cl. 691, 703 (2016). While attorneys may be compensated for non-attorney-level work, the rate must be comparable to what would be paid for a paralegal or secretary. *See O'Neill v. Sec'y of Health & Human Servs.*, No. 08–243V, 2015 WL 2399211, at *9 (Fed. Cl. Spec. Mstr. Apr. 28, 2015). Clerical and secretarial tasks should not be billed at all, regardless of who performs them. *See, e.g.*, *McCulloch*, 2015 WL 5634323, at *26. Hours spent traveling are ordinarily compensated at one-half of the normal hourly attorney rate. *See Scott v. Sec'y of Health & Human Servs.*, No. 08–756V, 2014 WL 2885684, at *3 (Fed. Cl. Spec. Mstr. June 5, 2014) (collecting cases). And "it is inappropriate for counsel to bill time for educating themselves about basic aspects of the Vaccine Program." *Matthews v. Sec'y of Health & Human Servs.*, No 14–1111V, 2016 WL 2853910, at *2 (Fed. Cl. Spec. Mstr. Apr. 18, 2016). Ultimately, it is "well within the Special Master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Saxton*, 3 F.3d at 1522. In exercising that discretion, special masters may reduce the number of hours submitted by a percentage of the amount charged. *See Broekelschen*, 102 Fed. Cl. at 728–29 (affirming the Special Master's reduction of attorney and paralegal hours); *Guy v. Sec'y of Health & Human Servs.*, 38 Fed. Cl. 403, 406 (1997) (same).

Upon review of the billing records, the majority of entries adequately describe the work performed, and the time billed corresponds with that work. However, the undersigned finds that a reduction in the requested fees is necessary for several reasons. First, there are several billing entries by paralegals for administrative tasks, such as document filing and preparing exhibits for filing, which have been found to be non-compensable. *See, e.g.*, *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323, at *26 (Fed. Cl. Spec. Mstr. Sept. 1, 2015); *Paul v. Sec'y of Health & Human Servs.*, No. 19-1221V, 2023 WL 1956423, at *3 (Fed. Cl. Spec. Mstr. Feb. 13, 2023); *see also Rochester v. United States*, 18 Cl. Ct. 379, 387 (1989). Second, attorneys billed at their full rate to direct paralegals to file documents, which is a task so negligible that it should not be billed for at all. *Vinocur v. Sec'y of Health & Human Servs.*, No. 17-598V, 2020 WL 3619896, at *2 (Fed. Cl. Spec. Mstr. June 29, 2020); *O'Leary v. Sec'y of Health & Human Servs.*, No. 18-584V, 2022 WL 1055352, at *2 (Fed. Cl. Spec. Mstr. Mar. 21, 2022). Lastly, there are numerous entries that constitute excessive billing.[5] *Raymo*, 129 Fed. Cl. at 703.

The Muller Brazil firm has been warned several times about such billing practices. Despite prior reductions, these inappropriate billing practices persist at this firm. *Hunt v. Sec'y of Health*

---

[5] Examples of excessive billing practices include but are not limited to: .3 hours billed on 5/9/2017 for "Filed Petition, Exhibits, Civil Cover Sheet and Statement of Completion with Court"; that same day .4 hours billed to "Prepare[] Exhibits for filing"; .1 hours billed on 8/23/2017 for "Filed Notice of Filing, Exhibit 8 with Court" that same day .3 hours billed to "Prepare[] Notice of Filing, Exhibit 8"; .2 hours billed on 9/11/2017 to "File[] MFE"; .4 hours billed at an attorney rate on 10/11/2017 to "Draft Amended SOC"; .1 hours billed at an attorney rate on 1/30/2018 to "Assign task, re: file MFE" and .1 hours billed by the paralegal to "File MFE"; .5 hours billed at an attorney rate to "Review email from Gershwin, re: 4c" and "Reply to email from Gershwin, re: no 4c filed"; .5 hours billed on 9/13/2018 to "Download[], transfer[] and save[] references from Dr. Gershwin"; .2 hours—12 minutes—billed at an attorney rate on 3/2/2021 to leave a voicemail; 2 hours billed at an attorney rate on 3/3/2021 to "Download, upload and run metadata on each video"; .5 hours billed at an attorney rate on 10/3/2023 to "Download & save expert report of Dr. Rose & literature". *See generally* Pet. Ex. A.

*& Human Servs.*, No. 20-1455V, 2025 WL 2048787 (Fed. Cl. Spec. Mstr. June 27, 2025); *Rogers v. Sec'y of Health & Human Servs.*, No. 18-190V, 2023 WL 2748431 (Fed. Cl. Spec. Mstr. Apr. 3, 2023); *Mohler v. Sec'y of Health & Human Servs.*, No. 16-1404V, 2018 WL 3989515 (Fed. Cl. Spec. Mstr. July 2, 2018). Therefore, a 10% reduction[6] of the overall fees requested is warranted, resulting in a **reduction of $9,634.19**.[7]

Petitioner is awarded $86,707.71 in fees.

### C.  Reasonable Costs

Like attorneys' fees, a request for reimbursement of attorneys' costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests a total of $46,355.27 in costs. Motion for Fees; Pet. Ex. C. This amount includes costs associated with acquiring medical records, the filing fee, the hearing transcript, and postage. *Id*. These costs are routinely awarded in vaccine cases and are supported by the receipts filed.

Petitioner also requests $39,912.50 for costs on behalf of Dr. Gershwin. This amount represents a total of 63.25 hours spent preparing six expert reports and charging at an hourly rate of $600.00 for 2018 and 2019 and a rate of $650.00 for 2023 and 2024. Pet. Ex. B; Pet. Ex. C at 12. The undersigned finds the time spent by Dr. Gershwin to be reasonable, but the rates require reduction. Dr. Gershwin has consistently been awarded $500.00 for years 2018, 2019, 2023, and 2024. *See Bodie v. Sec'y of Health & Human Servs.*, No. 19-1351V, 2025 WL 2650579, at *4 (Fed. Cl. Spec. Mstr. Aug. 20, 2025); *Mehl v. Sec'y of Health & Human Servs.*, No. 17-923V, 2025 WL 1807978, at *3 (Fed. Cl. Spec. Mstr. June 5, 2025); *Jett-Crawford v. Sec'y of Health & Human Servs.*, No. 21-2157V, 2024 WL 5320023, at *4 (Fed. Cl. Spec. Mstr. Dec. 18, 2024); *Sims v. Sec'y of Health & Human Servs.*, No. 15-1526V, 2023 WL 2234265, at *8 (Fed. Cl. Spec. Mstr. Feb. 27, 2023); *Prepejchal v. Sec'y of Health & Human Servs.*, No. 15-1302V, 2019 WL 2296774, at *3 (Fed. Cl. Spec. Mstr. Apr. 15, 2019); *Gambrill v. Sec'y of Health & Human Servs.*, No. 17-105V, 2018 WL 6787629, at *7 (Fed. Cl. Spec. Mstr. Nov. 29, 2018). Like attorneys, the Vaccine Program will not award mid-year rate increases for experts when a rate has already been established for that year. *See Martinez v. Sec'y of Health & Human Servs.*, No. 16-738V, 2022 WL 1210556, at *5 (Fed. Cl. Spec. Mstr. Mar. 29, 2022). This does not preclude higher rates for Dr. Gershwin in the future, but the higher rates will not be awarded here. This results in a **reduction of $8,287.50**.[8]

Finally, petitioner requests $2,500.00 at a rate of $500.00 on behalf of Dr. Morrison, a neurologist, for time spent reviewing records, discussing with counsel, and preparing one report. Pet. Ex. B; Pet. Ex. C at 25-26. This rate is comparable to what neurologists are routinely awarded in the Program, and the hours spent are reasonable. *Chinnock v. Sec'y of Health & Human Servs.*, No. 20-1501V, 2025 WL 2902167, at *4 (Fed. Cl. Spec. Mstr. July 29, 2025). Thus, costs associated with Dr. Morrison are awarded in full.

---

[6] Given the number of times counsel has been warned about these billing practices, the next reduction will be a higher percentage.

[7] $96,341.90 x .10 = $9,634.19.

[8] 63.25 x $500.00 = $31,625.00; $39,912.50 - $31,625.00 = $8,287.50.

Petitioner is awarded $38,067.77 in costs.

### III.    Conclusion

Based on the foregoing, petitioner's Motion for Attorneys' Fees and Costs is **GRANTED in part**. Petitioner is hereby awarded a **total of $124,775.48**, representing $86,707.71 in attorneys' fees and $38,067.77 in costs, **to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement.**

The Clerk of Court is directed to enter judgment in accordance with this decision.[9]

**IT IS SO ORDERED.**

<u>**s/Mindy Michaels Roth**</u>
Mindy Michaels Roth
Special Master

---

[9] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).